UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-27-HRW

SANDRA COLDIRON,                                              PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying her application for a period of disability and disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a period of disability and disability insurance benefits on September 5, 2002, alleging disability beginning on February 16, 2002, due to osteoarthritis, obesity, degenerative disc disease,

1

fibromyalgia, chronic fatigue syndrome, hypothyroidism and hypertension. This application was denied initially and on reconsideration. On August 8, 2003, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 325-351). At a second hearing, on January 6, 2004, William Tanzey, a vocational expert (hereinafter "VE"), testified (Tr. 356-359).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 20, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-21). Plaintiff was 50 years old at the time of the hearing decision (Tr. 67). She has a twelfth grade education (Tr. 83). Her past relevant work experience consists of work as a director of emergency services (Tr. 18).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.20). The ALJ then determined, at Step 2, that Plaintiff suffered from arthritis of the knee, obesity and degenerative disc disease which he found to be "severe" within the meaning of the Regulations (Tr. 20). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). At Step 4, The ALJ found that Plaintiff could return to her past relevant work (Tr. 20). The ALJ further determined that Plaintiff has the following residual functional capacity ("RFC"):

> [L]ift 20 pounds occasionally using both hands and arms, lifting with only the left arm may never exceed 5 pounds, the claimant can frequently lift 10 pounds with both hands and arms; may stand/walk 6 hours or 2 hours without interruption; may sit 6 hours or 2 hours without interruption; may only occasionally push/pull or use hand controls with the left upper extremity, this may never exceed 5 pounds; may only occasionally push/pull

3

> or use foot controls with the lower extremities; may only occasionally climb stairs/ramps, may never climb ladders, ropes or scaffolds; may only occasionally stoop, kneel, crouch or crawl; may only occasionally reach and lift overhead with the left upper extremity and this is never to exceed 5 pounds; is limited in feeling with the left-hand, the claimant is right hand dominant; may perform no repetitive, forcible, rapid turning of the head from side to side; the claimant should avoid exposure to hazards such as moving machinery and heights; and the claimant should avoid full body vibration.

(Tr. 20).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform light and sedentary work, such as light order clerk and sedentary surveillance monitor (Tr. 19). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 8, 2004 (Tr. 4-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment

4

[Docket Nos. 6 and 7 and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give proper weight to the opinion of her treating physician, Dr. Thomas Fossett and (2) the ALJ incorrectly evaluated her credibility as only "fair."

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not give proper weight to the opinion of her treating physician, Dr. Thomas Fossett.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ discounted the severe restrictions suggested by Dr. Fossett. In doing so, the ALJ noted that Dr. Fossett's treatment notes did not contain any specific restrictions but showed only limited findings which were not

6

consistent with those restrictions [Tr. 17]. The ALJ further found that the other medical evidence of record was not in accord with Dr. Fossett's opinion of severe functional restriction. For example, a consultative physician, Dr. Kip Beard opined that Plaintiff, although suffering from musculoskeletal impairment , could perform light work [Tr. 219-229]. Dr. J.D. Decker, a treating source, echoed Dr. Beard's opinion with regard to Plaintiff's ability to perform light work [Tr. 175-176]. The ALJ concluded that, based upon the medical evidence in the record, Dr. Fossett's stringent restrictions were not supported by clinical signs, diagnostic testing or treatment regiment. Indeed, as the ALJ noted, Dr. Fossett's opinion appears to be at odds with the other medical evidence of record. As such, the Court finds that the ALJ did not err in discounting the assessment of Dr. Fossett.

As for Dr. Fossett's "To Whom It May Concern" letter in which he stated that "Ms. Coldiron is unable to be gainfully employed and needs assistance " [Tr. 237], the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff's second claim of error is that the ALJ incorrectly evaluated her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "fair" with regard to her allegations of disabling pain. (Tr. 17). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ pointed out that Plaintiff's hypertension is well-controlled and that there have been no continuing problems due to hypothyroidism [Tr. 17]. He also noted that she has not visited a pain clinic [Tr. 17]. Moreover, the ALJ found several inconsistencies between Plaintiff's testimony and the record. For example, although Plaintiff reported she could not walk without a cane, Dr. Beard's report states that she does have the ability to ambulate without the use of a cane [Tr. 77 and 222]. Finally, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals

8

has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The record reveals that Plaintiff performs a variety of household tasks, such as doing laundry, cleaning up the kitchen and light chores.

Given the inconsistent and contradictory evidence, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _20_ day of July, 2005.

_____
Henry R. Wilhoit, Jr., Senior Judge